UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-094-DCR |
| ) | |
| V. ) | |
| ) | |
| XAVIER LEBURTON GRAY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Xavier Leburton Gray is currently serving a 64-month term of imprisonment for possessing with intent to distribute 37 grams of a substance containing fentanyl in violation of 21 U.S.C. § 841. [Records Nos. 1, 26, 37] The Bureau of Prisons estimates that he will be released on March 14, 2024.[1] Gray has now filed a second, *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). [Record No. 43] He also requests appointed counsel. [*Id.*] Both requests will be denied for the reasons explained below.

Appointing counsel to help Gray pursue a motion for a sentence reduction is unnecessary. This Court has held that "there is no constitutional right to counsel in a proceeding under 18 U.S.C. § 3582(c)." *United States v. Kirby*, 2021 WL 134601, at \*3 (E.D. Ky. Jan. 13, 2021) (citing *United States v. Bruner*, 2017 WL 1060434, at \*2 (E.D. Ky. March 21, 2017)). Here, Gray has made no argument in support of his request for counsel, and he

---

[1] *Inmate Locator*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 10, 2021).

has raised the issues in a clear manner that allegedly entitle him to relief. Accordingly, appointment of counsel is unnecessary and would be a waste of resources.

When Gray last moved to reduce his sentence, the Court advised him that he "must satisfy the 'three substantive requirements for granting relief' contained in 18 U.S.C. § 3582(c)(1)(A)." [Record No. 39, p. 2 (quoting *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020))] They included: (1) that extraordinary and compelling reasons warrant a reduction; (2) that a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) that the factors listed in 18 U.S.C. § 3553(a) support a reduction.[2] *Id.* at 1004-06. At the time, the Court routinely looked to the policy statements contained in United States Sentencing Guidelines § 1B1.13 to define "extraordinary and compelling reasons" for a sentence reduction. Gray's motion was denied, but the Court instructed him that any future filing should support his allegations with documentation. [Record No. 39]

Between then and now, the Sixth Circuit has expanded on this framework in a series of cases. Most importantly, it has instructed district courts to "define 'extraordinary and compelling' on their own initiative," without constraining their analysis to the policy statements contained in § 1B1.13. *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir.

---

[2] A prisoner must also exhaust his or her administrative remedies before bringing a motion for a sentence reduction. Specifically, a motion may not be brought until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Despite the Court's prior suggestions, Gray provides no indication that he complied with this requirement. Nevertheless, the exhaustion requirement is not jurisdictional, and it only precludes consideration of a motion when a party raises it. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *Jones*, 980 F.3d at 1102 n.5 (Where a party has not raised exhaustion, a court "can proceed with the understanding that" it is satisfied).

2021); *see also United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021) (District courts defining extraordinary and compelling "may look to § 1B1.13 as relevant, even if no longer binding."). Similarly, the second requirement is excused where a prisoner files a motion for a sentence reduction because § 1B1.13 is not an *applicable* policy statement to prisoner-filed motions for sentence reductions. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Finally, the Sixth Circuit has made clear that a district court should deny a sentence reduction where "any of the three prerequisites listed in § 3582(c)(1)(A) is lacking . . . ." *Elias*, 984 F.3d at 519.

Gray has failed to demonstrate that extraordinary and compelling reasons support a sentence reduction. He relies only on a number of medical conditions that allegedly place him at a great risk of severe COVID-19 infection. Gray states that he suffers from "chronic asthma, high blood pressure, high cholesterol, and [he is] a minority." [Record No. 43, p. 1] No documentation has been provided to corroborate these medical conditions, and the Court could deny the motion "on this basis." *Elias*, 984 F.3d at 520. But even taking Gray's allegations as true, the Court does not find that these conditions constitute extraordinary and compelling reasons for a sentence reduction.

In exercising its discretion to define extraordinary and compelling reasons for a sentence reduction, this Court looks to the policy statements' definition as a useful starting point. A prisoner's medical conditions may justify a reduction where he or she is suffering from a terminal illness, or "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii). Gray's common, treatable conditions do not meet this definition. Nor does

the threat of COVID-19 infection justify expanding the definition of extraordinary and compelling reasons such that ordinary illnesses would require a sentence reduction. Additionally, levels of transmission of the virus have plummeted nationally and at Beckley FCI, Gray's facility of incarceration.[3] And among an inmate population of 1,565, nearly two-thirds (936) are fully inoculated against the virus.[4] Therefore, Gray has failed to demonstrate that extraordinary and compelling reasons support reducing his sentence.

But even if there were good reasons to reduce Gray's sentence, the factors listed in § 3553(a) do not support a reduction. This statutory section generally requires a Court to impose a sentence sufficient, but not greater than necessary to reflect a "vast terrain of sentencing factors, such as the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Jones*, 980 F.3d at 1114.

Gray's offense was very serious. He was arrested in possession of a large quantity of a very dangerous and deadly substance, and he intended to distribute it unlawfully. He also has a lengthy criminal history that largely reflects drug-related convictions. The sentence imposed not only continues to reflect the severity of his conduct, but it provides the public with assurance that Gray will not engage in future crimes until he has served the entirety of his sentence.

Accordingly, it is hereby

---

[3] Currently, there is one active case of inmate infection and one active case of staff infection at Beckley FCI. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last updated May 10, 2021).

[4] *See id.*; *FCI Beckley*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/bec/ (last visited May 11, 2021).

**ORDERED** the Defendant Xavier Gray's motion for a sentence reduction [Record No. 43] is **DENIED**.

Dated: May 11, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky